**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| DANIEL RATH, | DOCKET NUMBER |
|                Appellant, | PH-3443-22-0273-I-1 |
|       v. | |
| DEPARTMENT OF THE TREASURY, | DATE: August 30, 2024 |
|           Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Daniel Rath, Brick, New Jersey, pro se.

Robert John Steeves, Jr., Esquire, New York, New York, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his appeal challenging his nonselection for a position. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**BACKGROUND**

On July 13, 2022, the appellant filed an appeal of the agency's decision rescinding a job offer for the position of Criminal Investigator (Special Agent) because of issues identified in the appellant's preemployment background and eligibility checks. Initial Appeal File (IAF), Tab 1. In an initial decision dated August 31, 2022, the administrative judge dismissed the appeal for lack of jurisdiction, finding that nonselection for a position is generally not appealable to the Board and that the appellant did not show that his nonselection constituted an appealable employment practice within the scope of 5 C.F.R. Part 300, subpart A or that it constituted a suitability action. IAF, Tab 15, Initial Decision (ID) at 5. The administrative judge notified the parties that the initial decision would become final on October 5, 2022, unless a petition for review was filed by that date. ID at 6.

The appellant filed the instant petition for review on December 6, 2022. Petition for Review (PFR) File, Tab 1. In a December 7, 2022 acknowledgement letter from the Office of the Clerk of the Board, the Clerk's Office informed the appellant that the Board may dismiss his petition for review as untimely filed unless he submitted a motion showing that his petition for review was timely filed or that good cause existed for the filing delay. PFR File, Tab 2. The Clerk's Office enclosed a "Motion to Accept Filing as Timely and/or to Ask the Board to Waive or Set Aside the Time Limit" form and informed the appellant that he had until December 22, 2022 to file that motion. *Id.*

The appellant filed a motion on the timeliness of his petition for review on December 31, 2022.[2] PFR File, Tab 4. In the motion, the appellant avers that his petition for review is timely because he did not receive notification of the initial decision until December 6, 2022. *Id.* at 4. He alleges that the Board's email

---

[2] Although the appellant filed his motion 9 days late, we have considered it in determining whether his petition for review was timely filed or whether good cause existed for the filing delay.

notifications were sent to his spam filter and that this has caused him a delay in finding emails from the Board. *Id.*

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellant's petition for review was untimely filed.</u>

A petition for review generally must be filed within 35 days after the date of issuance of the initial decision or, if the party filing the petition shows that the initial decision was received more than 5 days after it was issued, within 30 days after the party received the initial decision. 5 C.F.R. § 1201.114(e).

The appellant asserts that his petition is timely because he did not receive notification of the initial decision until December 6, 2022, because of a spam filter in his email account. PFR File, Tab 4 at 4. As a registered e-filer, however, the appellant consented to accept all documents issued by the Board in electronic form. IAF, Tab 1 at 2; *see* 5 C.F.R. § 1201.14(e)(1) (2022). Board documents served electronically on registered e-filers are deemed received on the date of electronic submission. 5 C.F.R. § 1201.14(m)(2) (2022). Here, a Board paralegal specialist certified that the initial decision was sent via electronic mail to the appellant on August 31, 2022. IAF, Tab 16 at 1. We therefore find that the appellant received the initial decision on the date that it was issued, August 31, 2022. The appellant electronically filed his petition for review on December 6, 2022. PFR File, Tab 1. It is therefore just over 2 months late.

<u>The appellant did not show good cause for his untimely filing.</u>

The Board will waive its filing deadline only upon a showing of good cause for the delay. *Gaetos v. Department of Veterans Affairs*, 121 M.S.P.R. 201, ¶ 5 (2014); 5 C.F.R. § 1201.114(g). To establish good cause for the untimely filing of an appeal, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the

reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to his inability to timely file his petition for review. *Gaetos*, 121 M.S.P.R. 201, ¶ 5; *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

Here, the appellant has not specifically asked the Board to waive the time limit or made any arguments regarding good cause for the filing delay. PFR File, Tab 1 at 4. Nevertheless, we have considered that the appellant is proceeding pro se, which is a factor that works in his favor. However, the remaining factors do not work in his favor. The Board has held that a 2-month filing delay is not insignificant. *See Madonti v. Department of the Army*, 97 M.S.P.R. 660, ¶ 8 (2004) (finding that a nearly 2-month delay in filing a petition for review was not minimal); *Winfrey v. National Archives and Records Administration*, 88 M.S.P.R. 403, ¶ 6 (2001) (finding that a 48-day delay was not minimal). Further, the appellant has not demonstrated that he exercised due diligence. Because the appellant registered as an e-filer, he was responsible for ensuring that emails from @mspb.gov were not blocked by filters and for monitoring his case at the Repository at e-Appeal Online to ensure that he received all case-related documents. 5 C.F.R. § 1201.14(j)(2)-(3) (2022). The appellant does not explain why he did not check the Repository for 2 months when he was on notice of and should have been expecting the administrative judge to issue an initial decision. He also does not explain why, if he was having difficulty finding emails from the Board due to the spam filter, he did not take steps to rectify that problem.

Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the appellant's appeal challenging his nonselection.

# NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx

FOR THE BOARD:

Gina K. Grippando

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.